UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES D. COOK,

        Plaintiff,

        v.                                    Case No. 23-cv-1351-bhl

KEVIN CARR,
CHRIS STEVENS,
SARAH COOPER,
CAPTAIN SHULTZ, and
DIRECTOR KIND,

        Defendants.

## SCREENING ORDER

Plaintiff James D. Cook, who is currently serving a state prison sentence at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Cook sought leave to amend his complaint on November 20, 2023, and his amended complaint was docketed as the operative complaint on December 1, 2023. Dkt. No. 9. This matter comes before the Court on Cook's motion for leave to proceed without prepaying the full filing fee and to screen the amended complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Cook has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Cook has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial

partial filing fee of $50.51. Cook's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Cook explains that general population inmates at GBCI are housed in a north cell hall, a south cell hall, and a dorm. Inmates who are being disciplined or investigated are housed in the restrictive housing unit or a treatment center. Cook asserts that he arrived at GBCI in January 2023. According to Cook, GBCI had been on lockdown since October 2022 following a stabbing. Cook states that the prison restricted all movement. He states that the lockdown was lifted in January 2023 (it is not clear if the lockdown was lifted before or after Cook arrived). Cook further asserts that prior to the pandemic, prisoners were given three to four, fifty-minute recreation periods per week, but since the pandemic, prisoners have been allowed only one to two recreation periods per week. Dkt. No. 9 at 2-3.

According to Cook, in March and April 2023 he filed an inmate complaint about receiving only one recreation period per week. He asserts that the institution complaint examiner informed him that the Department of Corrections Secretary Kevin Carr had authorized the suspension of the DOC administrative code in December 2022. Cook explains that in June 2023, there was a disturbance in the bathhouse, which resulted in Warden Chris Stevens, with Carr's approval, suspending the administrative code and locking down the institution. Cook states that all inmates in the south cell hall were confined to their six-by-eight-foot cells for twenty-four hours a day, seven days a week with the exception of two fifteen-minute showers each week and one ten-minute access to a kiosk. Cook states that the lockdown continued in the dorms until August 2023, in the north cell hall until October 2023, and in the south cell hall until November 2, 2023. According

3

to Cook, in August 2023, a small number of prisoners in the south cell hall fought with each other and two other inmates attacked staff, but those inmates were immediately removed to the restrictive housing unit. Dkt. No. 3-5.

Cook states that he filed an inmate complaint about the south cell hall remaining on lockdown even though the north cell hall and the dorm had resumed recreation time. He states that the institution complaint examiner informed him that the continued lockdown was only temporary and was being reviewed daily. Cook asserts that he experienced stress, headaches, dizziness, and sleep deprivation as a result of being constantly confined to his cell. Dkt. No. 9 at 5-6.

## THE COURT'S ANALYSIS

Cook seeks to pursue an Eighth Amendment conditions-of-confinement claim and a Fourteenth Amendment equal protection claim. As to Cook's conditions claim, the Seventh Circuit has been "clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment." *James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) (citing *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013); *Delaney v. DeTella*, 256 F.3d 679, 683-85 (7th Cir. 2001); *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (holding that "[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened"). Under this standard, Cook has sufficiently alleged an Eighth Amendment claim against Warden Stevens based on allegations that he ordered a lockdown which constantly confined Cook to his small cell for many months, leading to headaches, stress, dizziness, and sleep deprivation. He also states a claim against Secretary Carr, who allegedly turned a blind eye to

4

Warden Stevens' decision even after Cook wrote to him and informed him of the detrimental impact the lockdown was having on his mental and physical health.

Cook may also proceed on equal protection claims against Warden Stevens and Secretary Carr based on allegations that Warden Stevens ordered and Secretary Carr approved the order that the south cell hall remain locked down after the lockdowns in the other housing units were lifted. According to Cook, there was no valid reason to continue the lockdown only in the south hall, as the few prisoners who had engaged in violent behavior had been moved to the restrictive housing unit. For screening purposes, these allegations are sufficient, although further development of the record may defeat this claim.

Cook does not, however, state claims against Sarah Cooper, the Administrator of the Division of Adult Institutions. Unlike with Secretary Carr, Cook does not allege that he wrote to Cooper to inform her about the months-long lockdown or that she had direct involvement in approving the lockdown. The mere fact that Cooper held a high-ranking position in the Department of Corrections is insufficient on its own to state a claim against her. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor does Cook state a claim against Captain Shultz or Director Kind based on allegations that they enforced the lockdown Warden Stevens ordered. Nothing in Cook's amended complaint suggests that either of them had the authority to override or depart from Warden Stevens' lockdown order. "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry*, 65 F.3d at 561; *see also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (explaining that [p]ublic officials do not have a free-floating obligation to put things to rights . . .").

**IT IS THEREFORE ORDERED** that Cook's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sarah Cooper, Captain Shultz, and Director Kind are **DISMISSED** from this action because Cook fails to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Cook's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Kevin Carr and Chris Stevens.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Kevin Carr and Chris Stevens shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Cook is located.

**IT IS FURTHER ORDERED** that the agency having custody of Cook shall collect from his institution trust account the $299.49 balance of the filing fee by collecting monthly payments from Cook's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Cook is transferred to another institution, the transferring institution shall forward a copy of this Order along with Cook's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Cook is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Cook may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on December 29, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge